## MAIER v. LANGERHANS. (No. 6566.)

(Court of Civil Appeals of Texas. San Antonio. May 4, 1921. Rehearing Denied June 1, 1921.)

1. Appeal and error ⚖930(1) — Everything sustained by testimony deemed found in support of judgment.

Where defendant did not request the submission of any issue, everything that the testimony will sustain will be deemed by the Court of Civil Appeals to be found in support of the judgment adverse to defendant.

2. Brokers ⚖85(1) — Whether broker who procured exchange praised property immaterial.

In a suit for commission on procuring an exchange of defendant's store for a ranch, whether plaintiff praised defendant's property and commended the price fixed on it was immaterial; plaintiff having procured the exchange.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Evidence ⬛471(2) — Irrelevant conclusion properly rejected.**

In a suit for commission on procuring an exchange of defendant's store for a ranch, testimony· sought to be elicited by defendant store owner from himself, constituting merely a conclusion or opinion of defendant, and irrelevant, was properly rejected.

**4. Brokers ⬛85(1)—Whether plaintiff broker put forth effort to get abstract of title immaterial.**

In a suit for commission on procuring an exchange of defendant's store for a ranch, it was immaterial whether plaintiff broker put forth any efforts to get an abstract of title or not; there being no question of the title to the property, and it not devolving on plaintiff to procure an abstract.

Appeal from District Court, Gillespie County; N. T. Stubbs, Judge.

Action by F. J. Maier against Fritz Langerhans. From judgment for plaintiff, defendant appeals. Affirmed.

A. P. C. Petsch, of Fredericksburg, and Taliaferro, Cunningham & Moursund, of San Antonio, for appellant.

Sagebiel & Usener, of Fredericksburg, for appellee.

FLY, C. J. Appellee recovered a judgment against appellant for $423.65, based on the responses of a jury to three special issues submitted by the trial court. The amount was alleged to be due as commissions on an exchange of properties procured by appellee at the instance and request of appellant, and for which he agreed to pay a commission of 2½ per cent. on a valuation of $16,000 on the property of appellant.

The jury found that on or about April 1, 1919, appellant requested appellee to procure a person who would exchange a ranch for appellant's "Daylight Store" in Fredericksburg, Tex., and agreed to pay him for his services a commission of 2½ per cent. on a valuation of $16,000 for said store. Appellee procured a party willing to exchange a ranch for the town' property, and the exchange .was made. Appellant refused to pay the commission.

[1] The first assignment of error is overruled. The evidence showed that appellee was the procuring cause of an exchange of the properties, and when Rogers proposed a trade appellant wanted $18,000 for his store. There was no question about the store being taken at a valuation of $16,000, but Rogers wanted $2,000 difference between the two properties, but got only $1,000. Appellant did not request the submission of any issue. Everything that the testimony will sustain will be deemed by this court to have been found in support of the judgment. Whatever value may have been received by appellant for his store in the exchange would not matter, because the evidence showed that the value of $16,000, was fixed by appellant as a basis for the amount he would pay appellee for his services.

[2] The evidence whose rejection is complained of in the second assignment of error had no bearing whatever on the issues in the case, and was properly rejected. ·Whether appellee praised the property of appellant and commended the price fixed on it or not could have had no weight in the case, as the fact remained that an exchange was procured, and appellee must have procured it, as he alone represented appellant. Schneider swore that he was representing Rogers and not appellant. The same can be said in regard to the testimony, rejection of which is complained of in the third assignment of error, and it is overruled.

[3] The testimony sought to be elicited by appellant from himself, and rejection of which· is assailed in the fourth assignment, was merely a conclusion or opinion of appellant, was utterly irrelevant, and was properly rejected.

[4] The fifth assignment of error is overruled. It was immaterial as to whether appellee put forth any efforts to get an abstract of title or not. There was no question about the title to the property, and it did not devolve upon appellee to procure an abstract of title.

The judgment is affirmed.